DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

SUSAN ZIELINSKI and DAVID McDONALD,

Appellants,

v.

CARLO PALERMO,

Appellee.

No. 2D2025-1009

_____

May 29, 2026

Appeal from the County Court for Pasco County; Joseph Justice, Judge.

Jeffrey D. Grabel of Bay Area Legal Services, Inc., Tampa, for Appellants.

No appearance for Appellee.


SMITH, Judge.

Susan Zielinski and David McDonald (Tenants) appeal the county court's entry of a default final judgment of eviction entered in favor of their landlord, Carlo Palermo. Because the county court failed to conduct an evidentiary hearing on the Tenants' motions to determine rent, we reverse and remand for further proceedings.

On February 28, 2025, Mr. Palermo filed a complaint for eviction against the Tenants based upon failure to pay rent. The Tenants filed

their respective answers and affirmative defenses denying the allegations in the complaint and alleging that the parties modified the lease agreement due to damage sustained by a recent hurricane. Each answer included a motion to determine rent and request for hearing (Motions), alleging that Mr. Palermo agreed to reduced rent and that no amounts were due and owing. The Tenants attached to the Motions the following supporting documents: pictures of money withdrawals, the lease agreement, text messages between the parties arranging meetings to pay the reduced rent, and pictures of the residence showing the hurricane damage.

On March 11, 2025, one day after the Tenants filed their answers, affirmative defenses, and Motions, Mr. Palermo filed a motion for court's default alleging the Tenants failed "to either allege the defense of payment, pay the accrued rent alleged in the complaint into the court registry, or file a motion to determine the amount of rent to be paid into the court registry." That same day, the county court rendered a boilerplate order on default, which found that the "landlord" was entitled to "an immediate default judgment for removal of the tenant[s] with a writ of possession to issue without further notice or hearing thereon," finding the Tenants' responses, among other things, "[d]o[] not request a hearing to determine the amount of rent that should be required to be deposited in the court registry or alternatively, if requested, did not attach documentation in support of the motion." The order on default was silent as to the Motions.

The county court thereafter rendered a final judgment of eviction. The Tenants in turn filed an emergency motion to set aside order of default, the final [Judgment] of eviction and quash any writ of possession

2

issues/motion to reconsider.[1]  In their emergency motion, they realleged the allegations in their answers, affirmative defenses, and Motions and referred the county court to the supporting documents attached thereto. The Tenants also argued it was improper for the county court to enter a final judgment without holding a hearing on the Motions, citing *Joerger v. Lake Alfred Place, LLC*, 398 So. 3d 464, 465 (Fla. 6th DCA 2024) (holding the trial court prematurely entered a default final judgment without holding an evidentiary hearing on the motion to determine rent).

On March 14, 2025, the county court denied the Emergency Motion, finding:

> Florida Statutes allow for a hearing on a Motion to Determine Rent when a filing of sufficient documentation merits setting a hearing.  The documentation attached in the Motion to Determine Rent included some documentation of partial payments made months prior to to [sic] the filing of the case. None of which occurred close in time to or subsequent to the 3-day notice filed in February 2025.  <u>The fact that [the Tenants] made a payment in September of 2024 or December of 2024 doesn't meet the statutory requirement of showing that the amount alleged in the complaint is in error.</u>  [The Tenants] simply say[] that the amount of $5000 alleged by [Mr. Palermo], which is not the amount alleged in the Complaint or notice, is in error, and that the amount owed is actually zero.  Numbers the Court can find no basis for as the documents attached show that the most recent payment of approximately $500 was made about 90 days prior to the

---

[1] Tenants argue in their emergency motion to set aside order of default, the final [Judgment] of eviction and quash any writ of possession issues/motion to reconsider that the motion to determine rent was filed in a "timely manner."  While we are unable to discern whether the motion to determine rent was timely filed based on the record, Mr. Palermo did not raise this issue on appeal or below and the county court did not strike the motion as procedurally barred.  *See Alfonso v. Maiuri,* 405 So. 3d 527, 529 n.1 (Fla. 3d DCA 2025) (citing *Axen v. Poah Cutler Manor, LLC,* 323 So. 3d 800, 801 n.1 (Fla. 3d DCA 2021)).

filing of this motion. [The Tenants] have made no deposits in the registry.

(Emphasis added.)

This court reviews matters of statutory interpretation de novo; this includes cases where the requirements of section 83.60(2), Florida Statutes (2025), are at issue. *See Joerger*, 398 So. 3d at 465.

Section 83.60(2) provides:

> In an action by the landlord for possession of a dwelling unit, if the tenant interposes any defense other than payment, including, but not limited to, the defense of a defective 3-day notice, the tenant shall pay into the registry of the court the accrued rent as alleged in the complaint or as determined by the court and the rent that accrues during the pendency of the proceeding, when due. The clerk shall notify the tenant of such requirement in the summons. Failure of the tenant to pay the rent into the registry of the court <u>or to file a motion to determine the amount of rent to be paid into the registry within 5 days</u>, excluding Saturdays, Sundays, and legal holidays, after the date of service of process constitutes an absolute waiver of the tenant's defenses other than payment, and the landlord is entitled to an immediate default judgment for removal of the tenant with a writ of possession to issue without further notice or hearing thereon. <u>If a motion to determine rent is filed, documentation in support of the allegation that the rent as alleged in the complaint is in error is required.</u> Public housing tenants or tenants receiving rent subsidies are required to deposit only that portion of the full rent for which they are responsible pursuant to the federal, state, or local program in which they are participating.

(Emphasis added.)

> A trial court typically disposes of a motion to determine rent in one of two ways: (1) the court sets an expedited evidentiary hearing and issues an order setting the rent to be deposited; or (2) the court strikes the motion as procedurally barred (usually based on the motion of the landlord pointing out statutory or procedural infirmities).

4

*Axen v. Poah Cutler Manor, LLC*, 323 So. 3d 800, 801 n.1 (Fla. 3d DCA 2021).

The county court erred in two respects. First, the court failed to hold an evidentiary hearing and resolve the pending Motions prior to the entry of the final judgment. Second, the county court improperly weighed the sufficiency of the supporting documentation contrary to section 83.60(2).

Section 83.60(2) requires the payment of rent "if the tenant interposes any defense <u>other than payment</u>." (Emphasis added.) But where a tenant alleges "payment"—or that no monies are due—and files a motion to determine rent, there is no statutory requirement that any monies be paid into the court registry. *See* § 83.60(2); *see also Alfonso v. Maiuri*, 405 So. 3d 527, 529 (Fla. 3d DCA 2025) ([T]enants "were not required to pay the rent monies into the registry because they filed a motion to determine rent."). Instead, the trial court is required to hold an evidentiary hearing; if the trial court enters a default final judgment without first conducting an evidentiary hearing to resolve a pending motion to determine rent that raises disputed issues of fact, the trial court commits reversible error. *See Alfonso*, 405 So. 3d at 529-30 (holding that given the conflicting evidence presented by the tenants in the text messages, the trial court should have resolved these issues by an evidentiary hearing which is "the standard way of disposing of such motions"); *see also Jappa v. Master Lessee Mezzo, LLC*, 346 So. 3d 222, 223-24 (Fla. 2d DCA 2022) ("[B]ecause the record before this court indicates that Jappa filed her motion to determine the amount to be paid and request for hearing within five working days after she was served with the complaint, the trial court erred by entering a default final judgment without holding a hearing to resolve the disputed issues.");

*Kaufman v. High Seas, LLC*, 383 So. 3d 509, 513 (Fla. 4th DCA 2024) (holding the "trial court erred in not holding a hearing on the tenant's motion to determine rent"); *Prince v. MCR Apts. 1, LLC*, 326 So. 3d 228, 228 (Fla. 3d DCA 2021) ("[W]e conclude the tenant's motion for determination of rent, pending and unresolved in the trial court, precluded entry of the judgment.").

In this case the county court dispensed with an evidentiary hearing and improperly weighed the sufficiency of the documentation filed by the Tenants, finding that section 83.60(2) only allows for a hearing on a motion to determine rent when "a filing of sufficient documentation merits setting a hearing" and that the documentation attached by the Tenants "doesn't meet the statutory requirement of showing that the amount alleged in the complaint is in error." However, the statute imposes no such requirement on the county court to first weigh the merits of the documentation in order to determine whether an evidentiary hearing is justified. § 83.062(2). Where, as here, the Tenants disputed the allegations in the complaint, filed a motion to determine rent, and submitted documentation supporting their allegations, the county court was required to hold an evidentiary hearing in order to resolve the disputed issues of fact. *See Alfonso*, 405 So. 3d at 530.

Lastly, as this court held in *Jappa*, "[a]lthough [the Tenants have] already been evicted and [have] moved, we conclude that this appeal is not moot because the eviction can have collateral consequences for [the Tenants] when [they] seek[] to obtain housing or credit." 346 So. 3d at 224.

Accordingly, because the lower court failed to conduct an evidentiary hearing on the Tenants' Motions, we reverse the final judgment and remand for further proceedings.

Reversed and remanded.

NORTHCUTT and ROTHSTEIN-YOUAKIM, JJ., Concur.

_____

Opinion subject to revision prior to official publication.